UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARIALICIA V.

                        Plaintiff,

v.                                                     5:23-CV-1199
                                                     (GTS/PJE)
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

APPEARANCES:                                       OF COUNSEL:

OLINSKY LAW GROUP                    HOWARD D. OLINSKY, ESQ.
 Counsel for Plaintiff
250 South Clinton Street - Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION    KRISTINA D. COHN, ESQ.
 Counsel for Defendant                       Special Assistant U.S. Attorney
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235

GLENN T. SUDDABY, United States District Judge

# DECISION and ORDER

       Currently before the Court, in this Social Security action filed by Marialicia V.V. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") seeking Supplemental Security Income, are (1) the Report and Recommendation of United States Magistrate Judge Christian F. Hummel[1] recommending that Plaintiff's motion for judgment on the pleadings be denied and that Defendant's motion for judgment on the pleadings be granted, and (2) Plaintiff's Objections to the Report and Recommendation. (Dkt. Nos. 11, 12.) For the

---

[1]     Pursuant to the Court's Text Order, on January 16, 2025, this matter was reassigned to U.S. Magistrate Judge Paul J. Evangelista for all further proceedings. (Dkt. No. 13.)

reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety, the Commissioner's decision is affirmed, and Plaintiff's Complaint is dismissed.

I.     **PLAINTIFF'S OBJECTIONS**

Generally, in her Objections to the Report-Recommendation, Plaintiff argues that Magistrate Judge Hummel erred by finding Administrative Law Judge ("ALJ") Gretchen Greisler properly considered Plaintiff's obesity. (Dkt. No. 12.) More specifically, Plaintiff argues that, despite finding that the ALJ referenced Plaintiff's obesity only once in her entire decision (i.e., when she determined at Step Two that it was a severe impairment), and despite acknowledging that the ALJ's decision regarding obesity "runs afoul of SSR 19-2p," Magistrate Judge Hummel erroneously concluded that the ALJ's decision contained no error because the ALJ showed that Plaintiff's obesity was not a significant factor in relation to her "ability to perform work related activities." (*Id*. at 1-2.) To the contrary, Plaintiff argues, during her multiple visits with her providers at the North Pulmonary Health Office in calendar year 2020, they (1) informed her that her obstructive sleep apnea "[c]an be a weight sensitive disorder," and (2) wrote that her symptoms were "exacerbated by . . . weight gain." (*Id*. at 2.) As a result, Plaintiff argues, Magistrate Judge Hummel was incorrect when he concluded that ALJ Greisler had not committed harmful error, because Plaintiff's providers did not make an "explicit connection" between her obesity and sleep apnea. (*Id*.) Rather, Plaintiff argues, her providers made an explicit connection between her 50+ BMI and her obstructive sleep apnea (a severe impairment). (*Id*. at 2-3.)

II.     **APPLICABLE LEGAL STANDARD**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a *de novo* determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(2). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 09-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008)) (internal quotation marks omitted). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

**III.   ANALYSIS**

After carefully reviewing the relevant findings in this action, including Magistrate Judge Hummel's thorough Report-Recommendation and Plaintiff's objection thereto, the Court can find no error in those portions of the Report-Recommendation to which Plaintiff has specifically objected, and no clear error in the remaining portions of the Report-Recommendation: Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 11.) As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court adds only two points.

First, Plaintiff's Objections merely reassert arguments presented in her initial Brief. (*Compare* Dkt. No. 12, at 1-2 [arguing that "[t]he Court erred in finding that the ALJ properly considered obesity" because, *inter alia*, the ALJ mentioned Plaintiff's obesity only once in her decision, and because Plaintiff's BMI of 50+ "exacerbate[s] [her] other impairments, such as her sleep apnea . . ."] *with* Dkt. No. 8, at 1, 7-8 [arguing that "the ALJ failed to properly evaluate Plaintiff's obesity," because, *inter alia*, the ALJ mentioned Plaintiff's obesity only once in her decision, and because Plaintiff's BMI of 50+ "exacerbates her other impairments, including her . . . sleep apnea . . ."].) As a result, the Court finds that portions of the Report-Recommendation that Plaintiff purports to "challenge" warrant only a clear-error review. *See, supra*, Part II of this Decision and Order. Further, because there is no clear error on the face of the Report-Recommendation, the Courts finds that it survives initial review.

Second, in any event, even if the Court were to subject the referenced portions of the Report-Recommendation to a de novo review, the Court would find that it survives that review. Plaintiff's Objections rely on the fact that (1) medical records from April 16, 2020, and December 22, 2020, each state that Plaintiff had been "informed . . . that sleep apnea can be a

weight sensitive disorder" (T. 442, 1097), and (2) on December 22, 2020, Nurse Practitioner Darcy DeFruscio's stated on a medical record that Plaintiff's "[c]urrent symptoms" of sleep apnea (including "excessive daytime sleepiness, witnessed apnea during sleep, snoring, unrefreshing sleep, impaired concentration and memory problems") "are exacerbated by fatigue and weight gain" (T. 1094, 1910). (Dkt. No. 12, at 2.) However, the Court agrees with Magistrate Judge Hummel this evidence does not suffice to constitute an explicit medical opinion (by Dr. Xiwu Sun, M.D. or anyone) that Plaintiff's sleep apnea was exacerbated by her obesity. (Dkt. No. 11, at 10-11 [citing cases].)

For each of these alternative reasons, the Court adopts the Report-Recommendation in its entirety.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report and Recommendation (Dkt. No. 11) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is **DENIED**; and it is further

**ORDERED** that the Commissioner's motion for judgment on the pleadings (Dkt. No. 9) is **GRANTED**; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: March 28, 2025
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge